IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICKY LEE TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:09cv194-MHT |
| | ) | (LEAD CASE) |
| JEAN HARTZOG, | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| RICKY LEE TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:09cv195-MHT |
| | ) | |
| CALLIE HEATH, | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| RICKY LEE TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:09cv196-MHT |
| | ) | |
| GEORGE PARHAM, | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | |
|---|---|
| RICKY LEE TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:09cv197-MHT |
| | ) |
| JOHNA COTTON, | ) |
| | ) |
| Defendant. | ) |

| | |
|---|---|
| RICKY LEE TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:09cv198-MHT |
| | ) |
| MARSHALL WILLIAMS, JR., | ) |
| | ) |
| Defendant. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Upon consideration of the plaintiff's motion for leave to proceed *in forma pauperis*, it is

ORDERED that the motion be and is hereby GRANTED.[1]

In this 42 U.S.C. § 1983 action, the *pro se* inmate complains that the defendants failed to provide him with adequate medical care in violation of the Fourteenth Amendment to the

---

[1] The court has previously consolidated *Taylor v. Heath*, Civil Act. No. 2:09cv195-MHT, *Taylor v. Parham*, Civil Act. No. 2:09cv196-MHT, *Taylor v. Cotton*, 2:09cv197-MHT, and *Taylor v. Williams*, 2:09cv198-MHT.  Consequently, the motions to proceed *in forma pauperis* pending in those cases (docs. # 2) be and are hereby GRANTED in these cases also.

United States Constitution.[2]  Specifically, the plaintiff contends that, from August 30, 2003 until October 15, 2003, the defendants violated his constitutional rights by failing to treat him for injuries he suffered when he fell from a top bunk while incarcerated at the Barbour County Jail.  The plaintiff names as defendants Jean Hartzog, Callie Heath, George Parham and Marshall Williams, Jr. – all employees of the Barbour County Jail.  Upon review of the complaint, the court concludes that dismissal of this case is proper under 28 U.S.C. § 1915(e)(2)(B).

The plaintiff alleges the following facts as the basis of his complaint.  On August 30, 2003, he fell from the top bunk in his cell.  His back struck the bottom bunk.  He alleges that he was left lying on the cold concrete floor over three hours after which he was transported to the hospital by ambulance.  After he had been treated at the hospital, he was returned to the Barbour County jail where he contends the defendants failed to treat him from that date until October 15, 2003.  As a result, he is now paralyzed and suffers from hip and neck injuries as well as damaged eyesight and a torn heart value.  The plaintiff filed his complaints on March 9, 2009, seeking damages.

The law is clear that, in section 1983 actions, Alabama's two-year personal injury statute of limitations is applicable.  *See Owens v. Okure*, 488 U.S. 235 (1989); *see also Jones v. Preuit and Mauldin*, 876 F.2d 1480 (11th Cir. 1989); *Dukes v. Smitherman*, 32 F.3d 535

---

[2] Although the plaintiff purports to pursue his claims under the Fourth Amendment, because he challenges his treatment while a pre-trial detainee, the appropriate analysis is under the Fourteenth Amendment.  *See Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008).

(11th Cir. 1994). The plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1), the court shall dismiss a case if the court determines that an action is frivolous or fails to state a claim upon which relief may be granted. In this circuit, claims barred by the statute of limitations may be dismissed under § 1915. *Clarke v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990). This is a paradigm of a case that should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The plaintiff's claims are barred by the statute of limitations.[3] This lawsuit was filed on March 9, 2009. The plaintiff alleges that the deprivation of his constitutional rights occurred on August 30, 2003 and continued until October 15, 2003. The plaintiff's claims arose more than two years before the date he filed this complaint, and thus, his claims are barred by the statute of limitations.[4]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED pursuant to 28 U.S.C. § 1915(d) and (e)(2)(i). It is further the RECOMMENDATION of the Magistrate Judge that costs be taxed against the plaintiff.

---

[3] Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under § 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. State of Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark,* 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id.* at 640 n. 2.

[4] Moreover, the plaintiff is precluded from pursuing his claims in this litigation by the doctrine of estoppel. The plaintiff previously unsuccessfully litigated these claims against defendant Marshall Williams, Jr.. *See Taylor v. Williams*, Civ. Act. No. 2:05cv325-VPM (M.D. Ala. Aug. 3, 2006).

Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before **April 8, 2009.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of March, 2009.

    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE